DET106692

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BARKOVIC,

        Plaintiff,

-vs-

Case: 2:17-cv-12845
Judge: Cohn, Avern
MJ: Grand, David R.
Filed: 08-29-2017 At 01:30 PM
CMP BARKOVIC V. STATE OF MICHIGAN E
T AL (DA)

STATE OF MICHIGAN, 41-B JUDICIAL DISTRICT
COURT, JUDGE LINDA DAVIS, JANE DOE ONE,
DISABILITY COORDINATOR, 41-B DISTRICT COURT,
COUNTY OF MACOMB, MICHIGAN MUNICIPAL
CORPORATION, ANTHONY WICKERSHAM, IN HIS
OFFICIAL CAPACITY AS SHERIFF OF MACOMB COUNTY,
MICHIGAN, CORRECT CARE SOLUTIONS, L.L.C, A
KANSAS CORPORATION, JOHN DOE, PHYSICIAN,
JANE DOE 2, NURSE/HEALTH CARE ASSISTANT, JANE
DOE 3, NURSE/HEALTH CARE ASSISTANT,

        Defendants.

## COMPLAINT - AMERICANS WITH DISABILITIES ACT

Timothy Barkovic, Plaintiff, states and alleges:

1. This action is brought by Plaintiff, pursuant to the provisions of title II of the Americans with Disabilities Act of 1990, as amended ("ADA") 42 U.S.C. §§ 12131-34, and its implementing regulations 28 C.F.R. Part 35, against the above-named Defendants. Plaintiff has instituted this action based on reasonable cause to believe that Defendant(s) discriminated against him, in violation of title II of the ADA. Plaintiff seeks damages and other relief.

### Jurisdiction and Venue

2. This court has jurisdiction over this action, pursuant to 28 U.S.C. § 1331. This court may grant monetary damages and other remedies, pursuant to 29 U.S.C. § 794a and 42 U.S.C. § 12133.

3. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## Parties

4. Plaintiff is a resident of the Township of Harrison, County of Macomb and State of Michigan.

5. Defendant, State of Michigan, has created and is responsible for administering a State court system, comprised of various courts, including the District Courts. The District Courts exist pursuant to Article VI § 26 of the Michigan Const., 1963 and MCLA 600.8101, et. seq. 41-B District Court is part of a unified court system maintained and operated by the State of Michigan. Judge Davis and Jane Doe One were agents of both the State of Michigan and the 41-B District Court at all times, relevant hereto.

6. Judge Linda Davis is a duly elected judge of the 41-B District Court, whose jurisdiction includes the Charter Township of Clinton, Township of Harrison and the City of Mt. Clemens, Michigan. Ms. Davis is sued in her official capacity.

7. Jane Doe One is an agent or employee of the 41-B District Court and State of Michigan and is employed as the disability coordinator for the 41-B Judicial District Court (28 C.F.R. § 35.107). Ms. Doe One is sued in her official capacity.

8. The County of Macomb is a Michigan Municipal Corporation, created, implemented and authorized by the State of Michigan, pursuant to Article VII § 1 of the Michigan Constitution, 1963.

9. Defendant, Anthony Wickersham, is and at all times relevant hereto the Sheriff for the County of Macomb, Michigan, empowered and authorized, pursuant to Article VII § 4 of the Michigan Const., 1963. Among the various duties of the Sheriff is to manage and administer the

Macomb County Jail and provide for the care, custody and control of prisoners housed therein. Mr. Wickersham is sued in his official capacity. Mr. Wickersham and the County of Macomb have a long history of failure to care for the needs of prisoners confined in/at the Macomb County Jail.

10. Correct Care Solutions, L.L.C., is a Kansas Corporation, doing business in the County of Macomb and State of Michigan. Correct Care Solutions, L.L.C., provides contracted medical services to the County of Macomb and the Macomb County Jail.

11. John Doe One is a physician employed by Correct Care Solutions, L.L.C., and was employed at all times relevant to the actions/omissions alleged herein.

12. Jane Doe Two and Jane Doe Three are nurse(s) or health care assistant(s), employed by the County of Macomb, defendant, Wickersham, or Correct Care Solutions, L.L.C. Jane Doe Two and Jane Doe Three were employed by Defendant, Correct Care or County of Macomb, at all times relevant to the actions/omissions alleged herein.

13. Each of the named Defendants are public entities or agents of same. The ADA defines the term "public entity" to include state and local governments, as well as their agencies and instrumentalities. § 12131(1).

## Facts

14. Timothy Barkovic has (a) disability(ies) within the meaning of the ADA and 28 C.F.R. § 35.108 which are major impairments that substantially limits one or more major life activities, including physical and mental impairments, which substantially limit one or more of the major life activities. Plaintiff has a record of such impairments.

15. Plaintiff had previously sought professional treatment for such impairments and has been prescribed several medications, which were indicated for the treatment of plaintiff's disabilities.

3

16. On or about March 20, 2017, defendant was incarcerated in the Macomb County Jail for contempt of court. On this same date, plaintiff advised members of the 41-B District Court of his disabilities, including Judge Linda Davis and Jane Doe One, the disability coordinator for the 41-B District Court. Additionally, plaintiff sought the aid and assistance of Judge Linda Davis and Jane Doe One in obtaining the several medications that were prescribed to treat plaintiff's disabilities. [1]

17. Judge Linda Davis indicated to the Defendant, Macomb County Sheriff, to provide medications to the plaintiff and plaintiff's wife received instructions from the Macomb County Sheriff's Deputy, who was present, as to the procedures to be followed to obtain and deliver the medications. [2]

18. Plaintiff's wife followed the directions of the Macomb County Sheriff's Deputy, who was present, and took the several medications to the offices of the Macomb County Sheriff.

19. While at the Sheriff's Department, Plaintiff's wife met with Jane Doe Two, who inspected the prescriptions and noted the indications of same.

20. Despite the fact that the plaintiff needed the medications and made several demands of agents and employees of the Defendants, Macomb County Sheriff's Department, the 41-B District Court, including the disability coordinator, to obtain the medications, they were not provided.

21. Plaintiff complained to the duty nurse and the corrections officers employed by Defendants, Correct Care Solutions and Macomb County, that he was not receiving medications,

---

[1]. Defendant Davis was aware of plaintiff's medical condition(s) several months prior to his incarceration as plaintiff revealed these conditions to the court as part of a sealed record. Plaintiff also made several demands for accommodation under the ADA, in writing and on the court's record, relating to disabilities related to his medical conditions. The statements, placed on the court's record, indicate and establish that the court was aware that plaintiff had a record os impairments or a disability.

[2]. The 41-B District Court and Judge Linda Davis consistently refused to issue an order to the Macomb County Sheriff, directing them to administer the proper and required medications, despite repeated requests by plaintiff to do so.

however, no explanation was given as to the failure of the Macomb County Sheriff's Department or Correct Care to provide same.

22. On or about March 22, 2017, Plaintiff met with a nurse, referred to herein, as Jane Doe Three, employed by Defendant Correct Care, and repeatedly questioned Jane Doe Three as to why he was not receiving his medications and requested compliance with the ADA. Jane Doe Three responded that Defendant, physician, John Doe, believed that Plaintiff did not need the medications, and therefore, they were not being provided. John Doe, physician, allegedly made this diagnosis/decision without reference to the Plaintiff's disability(ies), medical history or an examination. Such treatment or failure to treat the Plaintiff was done without regard to Plaintiff's disabilities or standards of acceptable care/treatment. Defendants, Jane Doe Two, Jane Doe Three, the Macomb County Sheriff and John Doe, discriminated against Plaintiff on the basis of his disability and provided no accommodation(s) to Plaintiff. Additionally, these Defendants denied the benefits relating to proceedings, services, programs or activities of the public entities named herein.

23. As a result of the various complaints and requests for treatment, Plaintiff was transferred to the Wayne County Jail.

24. As a result of not receiving treatment or medications, Plaintiff suffered from severe withdrawals, leading to Plaintiff's inability to concentrate, irritability, anxiety, panic attacks, confusion, cognitive problems and memory problems. Plaintiff could not read, think, respond, concentrate, sleep and eat. Plaintiff also suffered from chills, weight loss and urinary incontinence.

25. Plaintiff again made demands of the 41-B District Court and Judge Linda Davis to be provided with proper medications. These demands were made in writing and orally. Judge Davis

responded that she could not force the Sheriff(s) to administer the medications, thereby, abandoning efforts to provide Plaintiff with any reasonable accommodations under the ADA.

26. Thereafter, Plaintiff was forced to appear in the 41-B District Court, on or about March 27, 2017, on motion(s) filed by the Macomb County Prosecutor. Plaintiff, as a result of his disability and the resulting failure to provide the necessary medications, could not think clearly, comprehend the proceedings or meaningfully participate in them. Accordingly, Judge Linda Davis and the 41-B District Court, along with the Defendant, Sheriff, discriminated against Plaintiff as he could not participate in these proceedings, services, programs or activities.

27. Again on March 27, 2017, Plaintiff demanded assistance of the 41-B District Court and Judge Linda Davis in providing accommodations to address Plaintiff's disabilities. The Court, through Judge Davis, wrote to the Jail. It is unknown if the letter was ever sent.

28. Defendant's discriminatory actions and omissions caused Plaintiff to endure Fifty (50) days of incarceration without necessary medication and to experience emotional distress, pain and trauma.

## Cause of Action- Title II of the Americans with Disabilities Act

29. The allegations in the preceding paragraphs and re-alleged and incorporated by reference as if fully stated herein.

30. Plaintiff is an individual with a disability because he has an impairment that substantially limits one or more major life activities and has a record of such impairments.

31. Defendants discriminated on the basis of the disability in the full and equal enjoyment of public services, programs or activities, and refused to provide accommodation(s) in violation of the ADA and the title II implementing regulations at 28 C.F.R. Part 36. Additionally, Plaintiff was

denied or excluded from participation in the benefits or services, programs and activities of a public entity.

32. As a result of Defendants discriminatory conduct or omissions, Plaintiff suffered physical pain and emotional trauma and distress.

WHEREFORE, Plaintiff requests of this court to grant judgment in favor of Plaintiff by declaring that Defendants violated Title II of the ADA, 42 USC §§ 12131-12124, and its implementing regulation, 28 C.F.R. Part 36, and award compensatory damages for pain, suffering, trauma and emotional distress to Plaintiff for Defendants violations of the Title II of the ADA and accompanying regulations. Plaintiff requests a trial by jury.

/s/Timothy Barkovic
Plaintiff
25805 Harper Avenue
St. Clair Shores, Michigan 48081
586/530-5002
timothybarkovic@yahoo.com

Dated: August 23, 2017

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

County in which action arose: **Macomb**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Timothy Barkovic

**DEFENDANTS**
State of Mich. et al.

(b) County of Residence of First Listed Plaintiff: Macomb County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Macomb County
*(IN U.S. PLAINTIFF CASES ONLY)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
None

Case: 2:17-cv-12845
Judge: Cohn, Avern
MJ: Grand, David R.
Filed: 08-29-2017 At 01:30 PM
CMP BARKOVIC V. STATE OF MICHIGAN ET AL (DA)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sections 12131-34, and impementing regulations.
Brief description of cause:
Violation of American With Disabilities Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: August , 2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☑ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☑ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes :

PURSUANT TO LOCAL RULE 83.11

# New Lawsuit Check List

**Instructions:** Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

- [x] Two (2) completed **Civil Cover Sheets.**

- [x] Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

  __5__ + 2 = __7__ **Complaints.**
  # of Defendants      Total

  Received by Clerk: _AA_   Addresses are complete: _AA_

  Case: 2:17-cv-12845
  Judge: Cohn, Avern
  MJ: Grand, David R.
  Filed: 08-29-2017 At 01:30 PM
  CMP BARKOVIC V. STATE OF MICHIGAN E T AL (DA)

- [ ] If any of your defendants are **government agencies**:
  Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

## If Paying The Filing Fee:

- [x] Current new civil action filing fee is attached.

  Fees may be paid by check or money order made out to:

  *Clerk, U.S. District Court*

  Received by Clerk: _AA_   Receipt #: DET6106692

## If Asking That The Filing Fee Be Waived:

- [ ] Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.

  Received by Clerk: _____

### Select the Method of Service you will employ to notify your defendants:

| Service via Summons by Self | Service by U.S. Marshal (Only available if fee is waived) | Service via Waiver of Summons (U.S. Government cannot be a defendant) |
|---|---|---|
| [x] Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br>Received by Clerk: _AA_ | [ ] Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>[ ] Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk: _____ | [ ] You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br><u>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted</u>, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

### Clerk's Office Use Only

Note any deficiencies here:

Rev. 4/13